**CONFEDERATED TRIBES OF SILETZ INDIANS OF OREGON; et al., Plaintiffs,**

v.

**STATE OF OREGON; et al., Defendants.**

**Civil No. 93–1104–JO.**

United States District Court, D. Oregon.

Sept. 27, 1995.

Craig J. Dorsay, Portland, OR, for Plaintiffs.

James C. Wallace, Department of Justice, General Counsel/Tax Section, Salem, OR, Robert E. Franz, Jr., Springfield, OR, for Defendants.

## OPINION AND ORDER

ROBERT E. JONES, Judge:

Plaintiff, the Siletz Indian Tribe (Tribe), operates a tribal community Health Clinic (Clinic) in Siletz, Lincoln County, Oregon. Plaintiff seeks a summary judgment declaration that state property tax assessments against the Clinic are preempted by federal law, specifically by the Siletz Indian Tribe Restoration Act of 1977. Defendant, representing the State of Oregon, Oregon Department of Revenue and Lincoln County Tax Assessor, seeks dismissal of the claim for lack of jurisdiction on the grounds of mootness. Alternatively, if jurisdiction still exists, Defendant seeks partial summary judgment that the Clinic is not reservation land for tax purposes, was not expressly exempted from state taxation under the Restoration Act, and

is thus presumed taxable under applicable case law.

BACKGROUND

The Confederated Tribes of Siletz Indians of Oregon is a federally recognized Indian Tribe headquartered in Siletz, Oregon. The Indian Self–Determination and Educational Assistance Act of 1975 permits Indian tribes to contract with the federal government to provide health services to tribal members rather than have the government provide those services directly. The Tribe has had a Self–Determination Act contract with the Indian Health Service since 1988 to provide health services to Tribe members.

In 1990 Congress appropriated $494,000 to build a health clinic for the Tribe on property owned by STEDCO[1], a tribally chartered economic development corporation. The STEDCO property is located approximately one-quarter of a mile from the Tribe's administrative headquarters which is part of the Tribe's reservation held in trust by the United States.

In 1991 the Lincoln County Assessor appraised the STEDCO land and Clinic combined at $631,460. STEDCO inadvertently paid taxes on this combined value, even though the Tribe contends the Clinic building itself is exempt from local taxes.·

The Tribe requested a refund of the proportion of taxes paid attributable to the Clinic building's value. STEDCO calculated this value to be $5,969 of the total $9,790 paid for 1991. Lincoln County never responded to this request.

In 1992, Lincoln County, at STEDCO's request, separated the Clinic building from the land for tax assessment. The 1992 assessment on the Clinic building itself was $5,441.

On March 31, 1993 the Tribe filed an exemption request for the Clinic. None of the boxes on the exemption form corresponded to the Tribe's grounds for requesting an exemption, so it submitted an attachment explaining the grounds for its request. On June 21, 1993, this request was denied because the Tribe failed to check an applicable box on the exemption request form. On June 23, 1993 Plaintiff applied to the United States Department of the Interior to take title to the Clinic in trust for the Tribe pursuant to 25 U.S.C. § 465 and 25 C.F.R. Part 151.

On September 1, 1993 Plaintiff filed complaint in United States District Court to enjoin the State of Oregon from assessing property taxes on the Clinic. Because of ongoing settlement negotiations, both parties requested dismissal of the action without prejudice. This Court granted the dismissal request on December 1, 1994. However, the settlement negotiations broke down, and this action was restarted on January 6, 1995.

On March 7, 1994 the Court issued an Opinion and Order denying Defendants' motions to dismiss which alleged (1) that Plaintiff's action was barred by the U.S. Constitution's Eleventh Amendment and the Tax Injunction Act; (2) that Plaintiff failed to state a claim for relief; and (3) that state officials named were improper defendants. However, the Court did dismiss STEDCO as a Plaintiff, leaving the Tribe as sole plaintiff in this action.

The Court's Order held that because the Plaintiff was seeking injunctive and declaratory relief the action was not barred by the Eleventh Amendment's prohibition on suits against States for monetary damages. The Court also noted that Plaintiff claimed that the issue of whether the off-reservation Clinic should be treated as on-reservation property for tax purposes was a case of first impression. I stated that it would be inappropriate to dismiss Plaintiff's claims during the initial round of Rule 12 motions if this indeed were a case of first impression. Further analysis of the merits of plaintiff's claims would be reserved for the summary judgment motions.

Plaintiff and Defendant then filed cross-motions for summary judgment and both requested oral arguments on their respective motions. Each party has filed a motion in support of their summary judgment request and a reply to the other party's motion(s). Various affidavits and statements of material

---

1. The Siletz Tribal Economic Development Commission

facts have also been filed in support of these motions.[2]

On July 31, 1995 the parties filed a Joint Status Report in which both parties requested a jury trial. The estimated length of the trial is three days. Plaintiff, however, contends that the facts are not in dispute and the case is likely to be disposed of by summary judgment.

## ISSUES FOR THE COURT

On reviewing the motions before the Court and listening to oral arguments, I find this case presents two legal issues for resolution. First, as a threshold matter, does the Court still retain jurisdiction or has the action become moot due to changed circumstances regarding the taxability of the Clinic under Oregon law? Second, if jurisdiction remains, is the Clinic exempt from state taxation as a matter of federal law under the Siletz Restoration Act (which both parties agree controls). Because I find the Court no longer has jurisdiction based on mootness, I will not address the second issue in this Opinion.

## JURISDICTION AND MOOTNESS

■ Article III of the United States Constitution limits federal court jurisdiction to "cases" and "controversies." This limit has been interpreted as prohibiting advisory opinions. *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir.1994). As a threshold matter then, a federal district court has no jurisdiction to hear cases that cannot affect the litigants' rights. *Id.* State Defendant asserts that this action is moot because Plaintiff has paid all back taxes owing on the Clinic and the State has granted prospective tax exemption. This mootness contention "must be resolved as a threshold matter since the court would lack jurisdiction to hear a moot case." *Coral Const. Co. v. King County*, 941 F.2d 910, 927 (9th Cir. 1991).

Here, the Plaintiff's claims against the State of Oregon involve tax assessments against tribal property, namely the Siletz Indian Clinic. Subsequent to the Court's March 7, 1994 Opinion and Order denying Defendant's Rule 12 Motions, the Tribe paid all outstanding back taxes for the 1992–93, 1993–94, and 1994–95 tax years.[3]

In June, 1993 the Tribe had applied for a trust conveyance of the Clinic to the federal government. This conveyance was accepted by Congress in enacting Public Law 103–435, § 3, 108 Statutes at Large 4567, November 2, 1994, which added the Clinic and underlying land to the Tribe's Reservation. The Tribe has not officially conveyed the property, but is in the process of doing so and conveyance is expected.

This conveyance in trust then qualified the property for exemption under ORS Sec. 307.180[4] (Indian Properties) which provides exemption for tribal property subject to a pending conveyance to the federal government in trust. State Defendant became aware of this conveyance in the late fall of 1994 or early 1995. In June, 1995 State Defendant notified Lincoln County of the Tribe's trust conveyance to the federal government. Based on that information, Lincoln County removed the Clinic from its tax rolls, thus exempting the property for the upcoming 1995–96 tax year.

Plaintiff and Defendant disagree as to the procedure for granting an exemption under the Indian Properties law. Plaintiff argues such an exemption requires a tribe to submit an application for exemption. Because the Siletz Tribe has not applied for exemption under ORS 307.180, Plaintiff contends Lincoln County's exemption of the Clinic under this provision of state law was a discretionary, voluntary act that can be later repealed at the sole discretion of the Assessor's office.

Defendant argues that the Indian Properties law provides an automatic exemption for

---

2. Because the court today finds there is no longer federal question jurisdiction, the disputes of the parties over the material facts of the case will not be addressed.

3. *See* Affidavit of Wayne Belmont, Lincoln County Legal Counsel, July 20, 1995, provided as Exhibit A to State Defendant's Memorandum

Supporting Motion for Summary Judgment, July 24, 1995.

4. Oregon Revised Statutes, Title 29 Revenue and Taxation, Chapter 307 Property Subject to Taxation; Exemptions (Indian Properties), Note: Section 2, Chapter 266, Oregon Laws 1993.

Indian Property subject to a pending trust conveyance to the federal government. As such, Lincoln County was required by law to automatically grant the property tax exemption for the Clinic for the 1995–96 tax year.

The distinction between a voluntary act by Lincoln County and a mandatory act required by a revision to the Oregon Statutes is an important consideration in determining jurisdiction. However, even a voluntary cessation of an action does not automatically create an exception to the mootness doctrine, as seen below.

■ While the party arguing for dismissal due to mootness "bears a heavy burden,"[5] the 9th Circuit has distinguished mootness analysis in cases involving "voluntary cessation" of an allegedly illegal action versus a statutory change in the law. In *Coral Const. Co.*, 941 F.2d at 928, the court held that "voluntary cessation of allegedly illegal conduct, standing alone, does not necessarily render a case moot." A case should also not be considered moot if the defendant "voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time." *Noatak*, 38 F.3d at 1510.

■ In contrast, a statutory change is sufficient to render a case moot "even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Noatak*, at 1510. Although not cited by Defendant in support of its mootness claim, *Noatak* presents an analogous case to the present action.[6] In *Noatak* the 9th Circuit upheld dismissal of Noatak's claim for prospective relief on mootness grounds because the allegedly discriminatory statute that was the basis of the action had been repealed. The court reviewed exceptions to the mootness doctrine where a defendant's conduct constitutes "a wrong 'capable of repetition yet evading review,' or where the defendant voluntarily ceases an allegedly illegal practice

but is free to resume it at any time." *Noatak* at 1509.

■ Under the "capable of repetition yet evading review" test the Noatak court found two criteria must be met. First, there must be a "reasonable expectation" the *same* plaintiff will be subject to the *same* injury. *Id.* (emphasis added). Second, the injury must be "inherently limited in duration that it is likely *always* to become moot" before litigation can be completed. *Id.* at 1509–10 (emphasis added). The court found that there was no "reasonable expectation" that the same injury would recur because the relevant statute had been repealed. *Id.* Federal courts are not "authorized" to address "theoretical possibilities" that a state might later implement regulations or policies similar to those that existed under the repealed law. *Id.*

■ Although this case does not deal with a repealed statute, the *Noatak* analysis is applicable to a newly enacted statute that ceases "allegedly improper behavior." In this case, the allegedly improper behavior was taxation of the Siletz Clinic. The subsequent passage of the 1993 amendment to ORS 307.180 shows the Oregon Legislature's intent to provide tax exemption for Indian property that has been or is in the process of being transferred to a trust administered by the United States. This effectively exempts the Clinic for 1995–96. Thus the Clinic is not reasonably capable of being taxed for that year and a "fear of possible future injury is insufficient to constitute a reasonable expectation that the same alleged injury will recur." *Noatak* at 1511.

■ Plaintiff also argues that the Lincoln County exemption was voluntary, not mandatory. My reading of ORS 307.180 is that no request for exemption is required, thus the exemption is mandatory on the county tax assessor, not voluntary as alleged

---

5. *Coral Construction Co.* 941 F.2d at 928.

6. The lack of citation to *Noatak* by State Defendant is noted with particularity not only because it involves mootness analysis in the context of an Indian Tribe challenge to an allegedly illegal state action in which the Tribe is seeking pro-

spective injunctive relief, but also because Defendant cites *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991) an earlier Supreme Court action involving the same parties and which led to the eventual remand of the case decided in *Noatak*, 38 F.3d 1505 (9th Cir.1994).

by the Tribe. However, even if the action was voluntary, the "voluntary cessation" exception to the mootness doctrine does not apply if the defendant's "motivations for ceasing the challenged behavior were not suspect and there was no reasonable expectation that the behavior would recur." *Noatak,* at 1511. Here, Defendant represents to the Court that Lincoln County exempted the Clinic for 1995–96 as soon as it learned of the Tribe's trust application because the passage of the 1993 Indian Property exemption law made such exemption mandatory. Plaintiff has offered no proof to cause me to doubt this representation made to the Court. There is no evidence Defendant voluntarily ceased its taxation in order to evade the jurisdiction of the federal courts.

 Plaintiff also argues there must be continued jurisdiction in this Court because the State Defendant did not exempt the Clinic from taxation on federal law grounds as requested by Plaintiff. The court has already discussed the lack of federal jurisdiction due to mootness. This lack of jurisdiction cannot be overcome by Plaintiff's request to grant what is in effect an advisory opinion as to the constitutionality of state taxation of Indian property physically off-reservation (but which Plaintiff argues should be treated as on-reservation given Plaintiff's interpretation of the Siletz Restoration Act).

Plaintiff makes clear the intent to use this Court's ruling as to the federal tax exempt status of the Clinic in a "separate future (state) proceeding" to determine whether the Tribe is entitled to a refund.[7] In essence, Plaintiff is requesting a declaratory judgment as to the legality of taxation of the Clinic, even though I have found the issued mooted by Lincoln County's prospective exemption and the Tribe's payment of back taxes. "A declaratory judgment may not be used to secure judicial determination of moot questions." *Noatak* at 1514. Thus, having already found the Tribe's claim moot, "the issuance of a declaratory judgment would be improper." *Id.* at 1514.

In the Court's March 7, 1994 Opinion and Order, I stated "[n]othing submitted by state defendants convinces me I should deny plaintiff its day in federal court."[8] Since that time, Plaintiff has paid all outstanding back taxes and has been granted a prospective tax exemption for 1995–96. The Clinic is scheduled to be transferred to trust status in the winter of 1995. Thus, Plaintiff's claim has been mooted by events subsequent to my earlier ruling. Given the Constitutional restraints on federal court jurisdiction, I now find Plaintiff is no longer entitled to this Court's jurisdiction. Any claims remaining are for recovery of back taxes allegedly improperly collected. Relief for such retroactive damages must be pressed, if at all, through state administrative and court proceedings.

## CONCLUSION

Based on the proceeding findings of fact and law, the Defendant's Motion to Dismiss for lack of jurisdiction is GRANTED and Plaintiff's Motion for Summary Judgment is DISMISSED.

---

7. Plaintiff's Response Brief, page 31, lines 20–25.

8. Opinion and Order, March 7, 1994, page 10.